# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID P. BRAHO, | ) | |
| | ) | Civil Action No. 13 – 292 |
| Petitioner, | ) | |
| | ) | District Judge Cathy Bissoon |
| v. | ) | Chief Magistrate Judge Lisa Pup Lenihan |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) ) | |
| | ) | |
| Respondent. | | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 4) be summarily dismissed for lack of jurisdiction, that a certificate of appealability be denied and that this case be closed.

### II. REPORT

*Pro se* Petitioner, David P. Braho, initiated this action on February 28, 2013, by submitting for filing an unintelligible, one-page document without a caption or even a signature. (ECF No. 1.) Upon receiving his submission, the Court, out of an abundance of caution, construed the document to be a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, inserted the Commonwealth of Pennsylvania as the Respondent and assigned it a case number. Petitioner was then directed to pay the $5.00 filing fee or submit a motion for leave to proceed *in form pauperis* with the proper accompanying paperwork. (ECF No. 2.) The fee was paid on March 8, 2013, and his habeas petition was docketed that same day. (ECF Nos. 3-4.)

1

Thereafter, the Court ordered Petitioner to either refile his habeas petition on the approved form or to inform the Court as to the nature of this case in the event that he was not seeking habeas relief. (ECF No. 5.) Petitioner filed a timely response wherein he adopted the Clerk's Office caption and listed the Commonwealth of Pennsylvania as the Respondent. (ECF No. 6.) In his response, he somewhat clearly indicates that he is not seeking habeas corpus relief because he is not in custody. Indeed, Petitioner's address of record is not one of any jail, prison or correctional institution and appears to be that of a private residence. Because Petitioner's original filing was construed as a petition for writ of habeas corpus and because there is nothing in Petitioner's filing that demonstrates he was "in custody" when he filed his petition, this Court should summarily dismiss the habeas petition for lack of jurisdiction.

In this regard, 28 U.S.C. § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). *See also* id. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person **in custody** pursuant to the judgment of a State court shall not be granted unless it appears that … ") (emphasis added). In light of this language, the Court of Appeals for the Third Circuit has declared that "the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody'[.]" United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971). It explained:

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a "person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Indeed, in the seminal case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize: "The jurisdictional prerequisite is not the judgment of

> a state court but detention *simpliciter*." 372 U.S. at 430, 83 S.Ct. at 844. Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal habeas jurisdiction.

Id. at 560 (footnote omitted). *See also* Brian R. Means, Federal Habeas Manual § 1:3 (June 2012) ("The custody requirement is jurisdictional.") (citing, *inter alia*, Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*)). The Court of Appeals for the Third Circuit also has explained that "[i]n making a custody determination, a court looks to the date that the habeas petition was filed." Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997). *See also* Federal Habeas Manual § 1:4 ("In order to satisfy the custody requirement, the petitioner must be in custody at the time the petition is filed in federal court.") (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)).

Although Petitioner clearly indicates that he is not seeking habeas relief, that is about the extent of clarity to be found in his response to the Court's Order. The undersigned has reviewed Plaintiff's response numerous times and still cannot discern what relief he is seeking. Although *pro se* litigants are entitled to liberal construction of their submissions, *see* Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), they nevertheless "bear[] the burden of establishing the Court's jurisdiction by a preponderance of the evidence," Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). Because Petitioner has been unable to articulate the nature of the relief he is seeking, the Court should direct the Clerk's Office to mail him a *pro se* packet at his address of record. The *pro se* packet contains everything needed to file a complaint in federal court, including examples of how to draft a

complaint as well as forms that are required for service by the United States Marshal.  Petitioner should review the packet, draft a proper complaint that complies with Local and Federal Rules and submit it to the appropriate Court with jurisdiction over his claims.  However, with respect to the instant matter, the Court should summarily dismiss the habeas petition for lack of jurisdiction for the reasons previously mentioned.

28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  Applying those standards here, jurists of reason would not find it debatable whether the petition should be summarily dismissed.  Accordingly, a certificate of appealability should also be denied.

### III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 4) be summarily dismissed for lack of jurisdiction, that a certificate of appealability be denied and that this case be closed.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen

(14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: April 3, 2013.

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge


cc: David P. Braho
 2077 Revere Dr.
 Heritage, PA 16148
 *Via U.S. Postal Mail*